UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| BRADLEY PAUL WILLIAMS, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 1:17-cv-00043-GZS |
| JEFF BEZOS, et al., | ) | |
| Defendants | ) | |

| BRADLEY PAUL WILLIAMS, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 1:17-cv-00120-GZS |
| BANGOR DAILY NEWS, et al., | ) | |
| Defendants | ) | |

## MEMORANDUM OF DECISION ON
## MOTION TO DISQUALIFY COUNSEL

In the above-captioned matters, Plaintiff seeks to assert claims against several defendants arising out of the production, sale and distribution of material Plaintiff asserts is obscene, and claims resulting from statements published regarding Plaintiff's dispute with some of the defendants.

The matters are before the Court on Plaintiff's motion to disqualify Attorney Bernard Kubetz and Eaton Peabody, the law firm with which Attorney Kubetz is affiliated. (No. 17-43, ECF No. 12; No. 17-120, ECF No. 3.) Through his motion, Plaintiff asserts that Attorney Kubetz has a conflict of interest because he has entered his appearance for

both Defendants Jon Fishman and the Bangor Daily News. Plaintiff also contends disqualification is warranted because he has named Attorney Kubetz a party-defendant on his defamation claim (Case No. 17-120).

Following a review of Plaintiff's motion and after consideration of the parties' arguments, the Court denies the motion.

## Background

In his obscenity action, Plaintiff seeks damages and injunctive relieve against the defendants, including Defendant Fishman, for the manufacture and distribution of obscene material. (Case No. 17-43, ECF No. 1.) Attorney Kubetz is counsel for Defendant Fishman, and has filed a motion to dismiss the case. (*Id.*, ECF No. 4.)

In his defamation action, Plaintiff claims the defendants published defamatory statements about him in a news report describing state court proceedings between Plaintiff and Defendant Fishman. (Case No. 17-120, ECF No. 1.) In support of his defamation claim, Plaintiff alleges that Attorney Kubetz's "conflict representing both the BDN and Jon Fishman … is the reason [Plaintiff] is suing the BDN." (Case No. 17-120, ECF No. 1 at 1, ¶ 5.) Plaintiff also asserts that Attorney Kubetz "coached" a newspaper reporter to write an inaccurate article. (*Id.* at 4.) Attorney Kubetz is counsel in the defamation action for the Bangor Daily News defendants, himself and his law firm, Eaton Peabody. Defendants have challenged Plaintiff's defamation claim in a motion to dismiss based on lack of jurisdiction. (*Id.*, ECF No. 5.)

In his motion to disqualify, Plaintiff asserts that Attorney Kubetz conspired with the Bangor Daily News to defame him because "[a] reasonable person could surmise that it is

2

Kubetz's control over the editorial content of the BDN that has prevented the prosecution" of Defendant Fishman. (Motion at 5.) Plaintiff suggests that Attorney Kubetz played an advisory role in connection with other difficulties Plaintiff has experienced, including an arrest by municipal law enforcement that preceded the filing of one of Plaintiff's claims. (*Id.* at 5 – 7.)

Plaintiff argues that at trial in the defamation case, Attorney Kubetz will have a disqualifying conflict of interest because Defendant Fishman's testimony will be harmful to the Bangor Daily News defendants. (*Id.* at 6.) Plaintiff also asserts that news media witnesses will provide testimony harmful to Defendant Fishman's interest at trial.

**Discussion**

Disqualification of counsel by court order "is almost never cut-and-dried." *In re Bushkin Assocs., Inc.*, 864 F.2d 241, 246 (1st Cir. 1989). The district court has "wide discretion" and the determination "ordinarily turns on the peculiar factual situation of the case then at hand." *Id.* (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981)). Various circumstances can give rise to a need to consider a disqualification motion. By way of example, the First Circuit has observed:

> It may be necessary, for instance, to assess the degree to which a lawyer's presence might taint the trial; the court's need to protect the integrity of the judicial process, enforce its rules against transgressors, and maintain public confidence in the legal profession; the litigants' interest in retaining counsel of their choosing; and the availability and relative efficiency of other sanctions.

*Id.* A particular concern arises when a party intends to call counsel as a witness at trial.

> The principal ethical considerations to a lawyer testifying on behalf of his client regarding contested issues are that the client's case will "be presented

3

through the testimony of an obviously interested witness who is subject to impeachment on that account; and that the advocate is, in effect, put in the unseemly position of arguing his own credibility."

*Siguel v. Allstate Life Ins. Co.,* 141 F.R.D. 393, 396 (D. Mass. 1992) (quoting ABA Comm. on Ethics and Professional Responsibility, Formal Op. 339 (1975)). "When the attorney is called to the stand by his client's opponent, the concerns are just as substantial, if not more." *Ahern v. Scholz*, 85 F.3d 774, 791 (1st Cir. 1996) (noting Model Rule of Professional Conduct 3.7). In either situation, there is a "danger that the performance of the dual roles of counsel and witness will create confusion on the jury's part …, 'raising the possibility of the trier according testimonial credit to [counsel]'s closing argument,' … or, conversely, weighing the testimony as if it were argument." *Ahern*, 85 F.3d at 792 (quoting *United States v. Johnston,* 690 F.2d 638, 643 (7th Cir. 1982)).[1]

As the proponent of disqualification, Plaintiff must demonstrate that the testimony of counsel is necessary in his case. *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126

---

[1] Maine Rule of Professional Conduct 3.7, which addresses the circumstances under which a lawyer involved in a case can serve as a witness, is consistent with the model rule. The Rule provides in pertinent part:

(a) A lawyer shall not act as advocate at a tribunal in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

….

Me. R. Prof. Conduct 3.7(a).

F. Supp. 3d 413, 420 (S.D.N.Y. 2015); *Morin v. Me. Educ. Ass'n*, 2010 ME 36, ¶ 10, 993 A.2d 1097, 1100. The mere assertion that the testimony would be relevant to an issue in the case is insufficient. *Adrion v. Knight*, No. 1:07-cv-11277, 2008 WL 5111084, at *3 (D. Mass. Dec. 4, 2008). To succeed, he must prove that the proposed testimony is "relevant, material, not merely cumulative, and unobtainable elsewhere." *Id.* In addition to proving that the testimony is necessary, Plaintiff must show that denying him the opportunity to elicit the testimony would prejudice his case. *John Wiley & Sons*, 126 F. Supp. 3d at 424; *Morin*, 2010 ME 36, ¶ 10, 993 A.2d at 1100. When evaluating a request for disqualification, a court must be "mindful that motions for disqualification are 'capable of being abused for tactical purposes, and … justifiably wary of this type of strategic maneuvering.'" *Morin*, ¶ 8 (quoting *Casco N. Bank v. JBI Assocs.*, 667 A.2d 856, 859 (Me. 1995)).

A much less common scenario arises when a party includes an opposing party's counsel as a named defendant in an action. Importantly, doing so does not require automatic or immediate disqualification. *Shah v. Lorber*, No. 3:13-CV-00103, 2016 WL 1128259, at *2 (N.D. Ind. Mar. 22, 2016). Disqualification would not be appropriate, for example, if the claim against counsel is not actionable. Otherwise, a party could obtain the disqualification of a party-opponent's preferred counsel by the simple expedient of including counsel as a defendant.

Disqualification might also be necessary when counsel faces a conflict of interest that jeopardizes the interest of the client. However, even assuming that the party advocating disqualification is able to identify an actual violation of a code of conduct or

disciplinary rule, "not every violation … will necessarily lead to disqualification." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). "The Court's practical task is to determine whether any alleged or actual conflict of interest would undermine its confidence in the attorney's representation of his client." *Pu v. Greenthal Mgmt. Corp.*, No. 1:08-cv-10084, 2009 WL 648898, at *4 (S.D.N.Y. Mar. 10, 2009).[2]

Given the current status of the cases, Plaintiff's arguments are unpersuasive. First, to the extent Plaintiff contends Attorney Kubetz's representation presents potential conflicts at trial, the matters are in the initial stages and the trial issues have yet to be

---

[2] Maine Rule of Professional Conduct 1.7, which addresses conflicts-of-interest pertaining to current clients, provides:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict-of-interest. A concurrent conflict-of-interest exists if:

(1) the representation of one client would be directly adverse to another client, even if representation would not occur in the same matter or in substantially related matters; or

(2) there is a significant risk that the representation of one or more clients would be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict-of-interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer would be able to provide competent and diligent representation to each affected client; and

(2) each affected client gives informed consent, confirmed in writing.

(c) Under no circumstances may a lawyer represent a client if:

(1) the representation is prohibited by law;

(2) the representation involves the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

Me. R. Prof. Conduct 1.7.

determined. In addition, in both matters, at least some of the defendants have moved for dismissal and the Court has not completed its review of the claims in accordance with 28 U.S.C. § 1915 to determine whether Plaintiff has asserted an actionable claim against any of the defendants. On the current record, therefore, the Court cannot determine that Attorney Kubetz has a conflict of interest that would preclude his representation of the defendants for whom he has entered an appearance or that he is likely to be a witness on any contested issues. Accordingly, based on the current record, disqualification is not warranted.

## Conclusion

Based on the foregoing analysis, the Court denies Plaintiff's motion to disqualify Attorney Kubetz and Eaton Peabody.[3]

## NOTICE

Any objections to this Memorandum of Decision shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of May, 2017.

---

[3] As part of the motion to disqualify, Plaintiff also asked the Court to issue a protective order precluding Attorney Kubetz from conducting discovery until the Court rules on the motion to disqualify, and to expedite a hearing and ruling on the motion. Because the Court has denied the motion to disqualify, the Court dismisses as moot the requests for additional relief.