UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRADLEY PAUL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:17-cv-43-GZS |
| | ) |
| JEFF BEZOS; AMAZON.COM, INC.; | ) |
| TOUCHPANTS; JON FISHMAN; | ) |
| COLBY DIX; ARAM BEDROSIAN; and | ) |
| CHRIS FRIDAY, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND ORDER AFTER
SCREENING PLEADING PURSUANT TO 28 U.S.C. § 1915**

Before the Court are Defendant Jonathan Fishman's Motion to Dismiss and Motion to Limit Further Filings (ECF No. 4) and Defendant Amazon.com's Motion to Dismiss (ECF No. 10). The Court GRANTS both Motions as to dismissal and DISMISSES all claims against Defendants Fishman and Amazon.com. The Court further DISMISSES the Complaint as to all Defendants pursuant to 28 U.S.C. § 1915(e)(2), MOOTING Plaintiff's Motion for Service by the U.S. Marshal (ECF No. 13). The Court DENIES Defendant Fishman's Motion to the extent it seeks the imposition of filing restrictions on Plaintiff, but warns Plaintiff that he may be subject to such restrictions in the future.

On February 2, 2017, Plaintiff Bradley Paul Williams filed a pro se Complaint against Fishman and his fellow members of a band, Touchpants, along with Amazon.com and its CEO, Jeff Bezos, which Plaintiff titled, Civil Action for Damages, Injunctive & Other Equitable Relief From Their Sale of Prohibited Obscene Matter Depicting Child: Rape, Incest, Sodomy, Scat, Be[]stiality, Mother Rape, Necro[p]hilia, Murder, Etc.[;] Interstate Commerce in Said Materials[;]

Sale of Said Matter to Children[;] Mailing Said Materials[;] Demand for Jury Trial [;] Negotiating Frau[d]ulent Terms of Service (hereinafter, "Complaint") (ECF No. 1). In the Complaint, Plaintiff alleges that Touchpants has engaged in the creation and dissemination of obscene material; that Amazon.com has facilitated that distribution by selling Touchpants's album; that Plaintiff has an interest in Defendants being prosecuted for their alleged crimes; and that various federal statutes create a private right of action based on damages Plaintiff sustained from listening to Touchpants's allegedly obscene album. See Complaint, Page ID #s 2-6. On February 3, Plaintiff was granted *in forma pauperis* status. Defendants Fishman and Amazon.com filed their Motions to Dismiss on February 21 and March 22, respectively. Plaintiff did not file any response to Defendants' Motions or otherwise challenge their characterization of his claims. After delays occasioned by Plaintiff's motions to disqualify Defendant Fishman's attorney and to recuse the Magistrate Judge, which were both denied, and a stay requested by Plaintiff due to medical issues, the Court is now prepared to rule on Defendants' Motions.

After careful consideration of Plaintiff's Complaint, and with full appreciation of the fact that "pro se pleading are to be liberally construed," Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002), the Court GRANTS both Motions. As cogently explained by Defendants in their Motions, Plaintiff's federal law claims fail because he does not have a judicially cognizable interest in the prosecution of Defendants for alleged violations of federal criminal statutes and the statutes Plaintiff cites do not otherwise provide him with a private cause of action. See Defendant Amazon.com's Motion to Dismiss (ECF No. 10), Page ID #s 69-71; Diamond v. Charles, 476 U.S. 54, 64 (1986); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). In short, Plaintiff has failed to state any federal claim. To the extent Plaintiff has attempted to articulate claims sounding in state law, the Court declines to exercise supplemental jurisdiction over these claims in accordance with 28 U.S.C. § 1367(c). See Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) ("As

a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). The Court therefore GRANTS the Motions as to the dismissal of Plaintiff's claims, DISMISSES the federal claims WITH PREJUDICE, and DISMISSES any state law claims WITHOUT PREJUDICE.

For the same reasons that Plaintiff has failed to state a claim against Defendants Fishman and Amazon.com, he has also failed to state a claim against the other Defendants. Therefore, consistent with the Court's duties under 28 U.S.C. § 1915(e)(2)(B), the statute governing *in forma pauperis* pleadings, the Court DISMISSES WITH PREJUDICE the federal claims and DISMISSES WITHOUT PREJUDICE any state law claims as to all Defendants.[1]

However, the Court DENIES Defendant Fishman's Motion to the extent it seeks "an order prohibiting the filing of further pleadings by Williams against Fishman without leave of Court." Defendant Fishman's Motion to Dismiss (ECF No. 4), Page ID # 43. The Court recognizes that Plaintiff has been put on notice in a related case in the District of Maine that "filing restrictions 'may be in the offing.'" Order on Defendant's Motion for Reconsideration, 1:16-cv-362-DBH (ECF No. 25), Page ID # 199, quoting Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993). However, that Cok warning was specifically in regards to pleadings in that case. See id. For this reason, the Court DENIES Defendant Fishman's Motion to the extent it requests general filing restrictions. The Court instead provides Plaintiff with notice that filing restrictions "may be in the offing" in this matter based on the present filing and the warning provided in the

---

[1] The statute governing suits filed *in forma pauperis* provides, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Although several of the named Defendants have not yet been served with process, dismissals of complaints that fail to state a claim where the plaintiff is proceeding *in forma pauperis* "are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

related matter, and that the filing of groundless or inappropriate motions, or the filing of groundless suits in this District, will result in filing restrictions.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 31st day of July, 2017.